# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| LATISHA JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 2:19-cv-02304-TLP-tmp |
| ) | |
| TRINITY MINTER, ) | |
| ) | |
| Respondent. ) | |

## ORDER GRANTING MOTION TO DISMISS, DENYING CERTIFICATE OF APPEALABILITY, CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

Petitioner Latisha Jones[1] petitions for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent Trinity Minter moves to dismiss Jones's untimely habeas corpus petition (ECF No. 11), to which Jones responded by letter (ECF No. 12). For these reasons, this Court **GRANTS** Respondent's motion to dismiss and **DISMISSES WITH PREJUDICE** Jones's § 2254 Petition, **DENIES** a certificate of appealability, **CERTIFIES** that any appeal of this matter would not be taken in good faith, and **DENIES** Jones leave to proceed in forma pauperis on appeal.

## BACKGROUND AND PROCEDURAL HISTORY

This case began in 2004 when a Shelby County, Tennessee grand jury returned an indictment against Jones for first-degree felony murder in relation to a robbery, especially aggravated robbery, and facilitation of first-degree murder—all related to Gregory Smith's death.

---

[1] Jones is a state prisoner, Tennessee Department of Corrections prisoner number 325241. Tennessee is housing her at the West Tennessee State Penitentiary Site I, Women's Therapeutic Residential Center ("WRTC") in Henning, Tennessee.

(ECF No. 10-1 at PageID 440–43.) A jury later convicted Jones of first-degree felony murder and especially aggravated robbery, and the court then sentenced her to life and twenty-three (23) years imprisonment, concurrently. (*See id.* at PageID 455–66; ECF No. 10-5 at PageID 892–94.)

Jones appealed. The Tennessee Court of Criminal Appeals ("TCCA") affirmed her convictions and sentences. *See State v. Jones*, No. W2005-02673-CCA-R3-CD, 2007 WL 241023 (Tenn. Crim. App. Jan. 25, 2007), *perm. app. denied* (Tenn. June 25, 2007). (ECF No. 10-12.) The TCCA then denied Jones's petition to rehear (ECF No. 10-15), and the Tennessee Supreme Court ("TSC") denied her application for permission to appeal (ECF No. 10-17.)

Next, Jones petitioned for post-conviction relief in the Shelby County Criminal Court, which that court denied. (ECF No. 10-18 at PageID 1258–72, 1288–1300.) Jones appealed again. And the TCCA affirmed the denial of post-conviction relief in December 2010. *See Jones v. State*, No. W2009-02057-CCA-R3-PC, 2010 WL 5276886 (Tenn. Crim. App. Dec. 17, 2010). (ECF No. 10-25.) The TSC then denied permission to appeal. (ECF No. 10-28.)

So Jones petitioned for writ of habeas corpus in the Shelby County Criminal Court, which was denied. (*See* ECF No. 1-10 at PageID 223–46; ECF No. 10-29 at PageID 1543–44.) Jones then filed her second pro se petition for habeas relief. (*See* ECF No. 10-29 at PageID 1497–1513.) The court appointed counsel for Jones, who filed an amended habeas petition. (*See id.* at PageID 1560–64.) The court later denied the second petition. (*Id.* at PageID 1572–73.)

Jones again appealed. (*Id.* at PageID 1575.) In February 2018, the TCCA affirmed the judgment of the state habeas court, and the TSC denied her application for permission to appeal. (ECF No. 10-34.) *See Jones v. Minter*, No. W2016-01697-CCA-R3-HC, 2018 WL 679690 (Tenn. Crim. App. Feb. 2, 2018), *perm. app. denied* (Tenn. May 17, 2018).

In May 2019, Jones petitioned under 28 U.S.C. § 2254 in this Court. (ECF No. 1.) Respondent then filed the state court record and a motion to dismiss the untimely habeas corpus petition. (ECF Nos. 10 & 11.) Jones then responded by letter. (ECF No. 12.)

## **ANALYSIS**

Looking at the motion here, Respondent argues that Jones filed her petition under § 2254 more than seven years after the statute of limitations expired and that she is not entitled to equitable tolling. (ECF No. 11-1 at PageID 1747, 1750–52.) Jones counters that she is not legally savvy and that all she has is her innocence. (ECF No. 12 at PageID 1754.)

### A. Applicable Federal Statutes

Is that enough? Federal courts have authority to issue habeas corpus relief for persons in state custody under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). But the authority of this Court is limited. A federal court may grant habeas relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Next the Court looks to 28 U.S.C. § 2244(d), which states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall begin to run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has

3

>                   been newly recognized by the Supreme Court and made
>                   retroactively applicable to cases on collateral review; and
>           (D)    the date on which the factual predicate of the claim or
>                   claims presented could have been discovered through the
>                   exercise of due diligence.
>
>   (2)    The time during which a properly filed application for State post-
>          conviction or other collateral review with respect to the pertinent
>          judgment or claim is pending shall not be counted toward any
>          period of limitation under this subsection.

28 U.S.C. § 2244(d).

This begs the question, when is a state conviction "final." State convictions ordinarily become "final" under § 2244(d)(1)(A) when the time expires for petitioning for a writ of certiorari with the United States Supreme Court from a decision of the highest state court on direct appeal. *Pinchon v. Myers*, 615 F.3d 631, 640 (6th Cir. 2010) (citing *Lawrence v. Fla.*, 549 U.S. 327, 333 (2007)); *Sherwood v. Prelesnik*, 579 F.3d 581, 585 (6th Cir. 2009). The TCCA issued its decision on direct appeal in early 2007, and the TSC denied permission to appeal on June 25, 2007. Jones's convictions therefore became final on the last date for petitioning for a writ of certiorari with the United States Supreme Court—September 24, 2007. *See* Sup. Ct. R. 13.1 & 30.1. So the statute of limitations began running on September 25, 2007.

### B. Statute of Limitations

Jones signed the certificate of service for her post-conviction petition on September 26, 2007. (*See* ECF No. 10-18 at PageID 1271.) The prison mailbox rule says that a pro se prisoner's complaint is filed when the prisoner hands it over to prison officials for mailing to the court. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Respondent assumes that Jones handed over her petition to prison officials for mailing on September 26, 2007. (*See* ECF No. 11-1 at PageID 1750.)

4

Based on that assumption, the statute of limitations ran for one day and was tolled under 28 U.S.C. § 2244(d)(2), from September 26, 2007 until the appellate courts ruled on the petition. The TCCA affirmed the dismissal of the post-conviction petition and the Tennessee Supreme Court denied permission to appeal on April 13, 2011. (ECF Nos. 10-25 & 10-28.) This started the running of the limitations period which expired 364 days later—April 12, 2012.

Jones's state habeas petitions, filed in 2014 and 2015, had no bearing on the running of the limitations period because, by that time, the limitations period had expired. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("'The tolling provision does not . . . "revive" the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.'") (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)); *Owens v. Stine*, 27 F. App'x 351, 353 (6th Cir. 2001) ("A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

The Court finds that Jones's § 2254 Petition here is untimely as she filed it more than seven years after the limitations period expired. Jones does not address the timeliness of her § 2254 Petition, other than to mention that she has a legal deadline of May 17, 2019.[2] (*See* ECF No. 1-13 at PageID 416.)

Jones presents no argument for equitable tolling and no facts to support her claim of actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (a credible claim of actual innocence may overcome AEDPA's limitations period); *see Robertson v. Simpson*, 624

---

[2] The Court notes that this is one year from the date that the TSC denied permission to appeal the denial of state habeas relief on the second state habeas petition. That decision does not affect the limitations period here.

5

F.3d 781, 784 (6th Cir. 2010) ("The party seeking equitable tolling bears the burden of proving he is entitled to it."). Respondent asserts Jones has not shown diligence or some extraordinary circumstance to excuse her late filing. (ECF No. 11-1 at PageID 1751–52.)

Jones's § 2254 Petition is untimely, and she has not shown actual innocence or a basis for equitable tolling. The Court thus **GRANTS** Respondent's motion to dismiss the petition as time-barred. (ECF No. 11.) Jones's petition is **DISMISSED WITH PREJUDICE**. The Court will enter a judgment for Respondent.

## APPELLATE ISSUES

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Bradley v. Birkett*, 156 F. App'x 771, 772 (6th Cir. 2005). The Court has to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. A petitioner may not take an appeal unless a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must point to the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2)–(3). A petitioner makes a "substantial showing" when the petitioner shows that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same).

A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814–15 (6th Cir. 2011) (same). Courts should not issue a COA as a matter of course. *Bradley*, 156 F. App'x at 773 (quoting *Miller-El*, 537 U.S. at 337).

Here, there can be no question that the claims in this petition are barred by the statute of limitations. Because any appeal by Petitioner on the issues raised in this petition does not deserve attention, the Court **DENIES** a COA.

For the same reasons the Court denies a COA, the Court determines that any appeal would not be taken in good faith. The Court therefore **CERTIFIES** under Fed. R. App. P. 24(a), that any appeal here would not be taken in good faith and **DENIES** leave to appeal in forma pauperis.[3]

**SO ORDERED** this 31st day of January, 2020.

s/ Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

---

[3] If Petitioner files a notice of appeal, she must pay the full $505 appellate filing fee or move to proceed in forma pauperis and supporting affidavit with the Sixth Circuit Court of Appeals within thirty (30) days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).